12359

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARK ESCHE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 12 CV 7503 |
| | ) | |
| vs. | ) | Judge Amy St. Eve |
| | ) | |
| CITY OF ELGIN and | ) | |
| ANTHONY RIGANO, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER**
**TO PLAINTIFF'S COMPLAINT & AFFIRMATIVE DEFENSE**

NOW COMES, Defendants, CITY OF ELGIN and ANTHONY RIGANO, by and through their attorneys, DeANO & SCARRY, LLC, and for Defendants' Answer to Plaintiff's Complaint, state as follows:

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983 and common law and statutes of the State of Illinois.

**ANSWER:** Defendants admit the allegations of Paragraph 1.

2. Jurisdiction for Plaintiff's federal claim is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claim is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

**ANSWER:** Defendants admit the allegations of Paragraph 2.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**ANSWER:** Defendants admit the allegations of Paragraph 3.

### Parties

4. Plaintiff is a resident of Streamwood, Illinois.

**ANSWER:** Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 4.

5. Defendant-Officer ANTHONY RIGANO, Star 312, is a duly appointed and sworn Elgin police officer. At all times relevant to this Complaint, Defendant-Officer RIGANO was acting in the course and scope of his employment, and under color of state law, ordinance and/or regulation.

**ANSWER:** Defendants admit the allegations of Paragraph 5.

6. RIGANO is sued in his individual capacity.

**ANSWER:** Defendants admit the allegations of Paragraph 6.

7. Defendant CITY OF ELGIN is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officer.

**ANSWER:** Defendants admit the allegations of Paragraph 7.

### Facts

8. On or about November 5, 2011, Plaintiff was a passenger riding in the back seat of his friend Daniel Levy's car in Elgin, Illinois.

**ANSWER:** Defendants admit the allegations of Paragraph 8.

9. At around 3:15 a.m., Daniel turned westbound onto East Highland Avenue.

**ANSWER:** Defendants are admit the allegations of Paragraph 9.

10. RIGANO pulled over Daniel's car.

**ANSWER:** Defendants admit the allegations of Paragraph 10.

11. RIGANO ordered Plaintiff to produce his driver's license.

**ANSWER:** Defendants admit the allegations of Paragraph 11.

12. Plaintiff complied.

**ANSWER:** Defendants admit the allegations of Paragraph 12.

13. RIGANO ran Plaintiff's name through the LEADS database.

**ANSWER:** Defendants admit the allegations of Paragraph 13.

14. RIGANO saw that Plaintiff had an active warrant from South Barrington, Illinois.

**ANSWER:** Defendants admit the allegations of Paragraph 14.

15. RIGANO removed Plaintiff from the car.

**ANSWER:** Defendants admit that Officer Rigano directed Plaintiff to exit the vehicle and that Plaintiff did so.

16. RIGANO searched Plaintiff.

**ANSWER:** Defendants admit the allegations of Paragraph 16.

17. No contraband was found on Plaintiff.

**ANSWER:** Defendants admit the allegations of Paragraph 17.

18. RIGANO handcuffed Plaintiff and put Plaintiff in the back of his squad car.

**ANSWER:** Defendants admit the allegations of Paragraph 18.

19. RIGANO arrested Daniel after allegedly finding a small bag of a green leafy substance under a CD in the glove box of Daniel's car.

**ANSWER:** Defendants state that Officer Rigano found a small bag of a green leafy substance under a CD in the glove box of Daniel's car.

20. RIGANO drove Plaintiff and Daniel to the Elgin Police Station.

**ANSWER:** Defendants admit the allegations of Paragraph 20.

21. After arriving at the police station, RIGANO handcuffed Plaintiff and Levy to two separate booking stalls.

**ANSWER:** Defendants admit the allegations of Paragraph 21.

22. RIGANO began booking Levy first.

**ANSWER:** Defendants admit the allegations of Paragraph 22.

23. While RIGANO was booking Levy, Plaintiff lit a cigarette and began to smoke it.

**ANSWER:** Defendants admit the allegations of Paragraph 23.

24. RIGANO saw Plaintiff smoking.

**ANSWER:** Defendants admit the allegations of Paragraph 24.

25. RIGANO quickly exited the employee side of the booking area and approached Plaintiff from behind.

**ANSWER:** Defendants state that Officer Rigano walked from the police side of the window divider to the arrestee side and approached the stall that Plaintiff was in, pleading further, defendants deny the remaining allegation of paragraph 25.

26. RIGANO grabbed the cigarette out of Plaintiff's mouth and put the lit cigarette out on Plaintiff's neck.

**ANSWER:** Defendants deny the allegations of Paragraph 26.

27. Plaintiff flinched in pain and instinctively jumped to his feet.

**ANSWER:** Defendants admit that Plaintiff stood up, but deny the remaining allegations of Paragraph 27.

28. Plaintiff's neck was burned by the cigarette.

**ANSWER:** Defendants admit Plaintiff was burned by the cigarette he was smoking, but deny that such burn was caused by any action taken by Defendant.

29. RIGANO grabbed Plaintiff by the throat and slammed him up against a glass wall.

**ANSWER:** Defendants deny the allegations of Paragraph 29.

30. RIGANO ordered Plaintiff to follow him to a cell.

**ANSWER:** Defendants admit the allegations of Paragraph 30.

31. Plaintiff followed RIGANO to a cell.

**ANSWER:** Defendants admit the allegations of Paragraph 31.

32. After spending about an hour in the cell, Plaintiff was transferred to South Barrington Police Custody by Elgin Police Officer Holmes, Star 335.

**ANSWER:** Defendants admit the allegations of Paragraph 32.

33. Plaintiff told South Barrington Police that RIGANO had treated him improperly and put a cigarette out on his neck.

**ANSWER:** Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 33, and therefore deny same.

34. South Barrington Police Sergeant Samuel Parma, Jr., Star 10, photographed Plaintiff's neck injuries.

**ANSWER:** Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 34, and therefore deny same.

35. At around 6:15 a.m., Plaintiff bonded out of South Barrington Police Department.

**ANSWER:** Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 35, and therefore deny same.

36. As a direct and proximate result of the acts of the Defendants described above, Plaintiff suffered damages including physical pain and suffering, disfigurement, and emotional distress.

**ANSWER:** Defendants deny the allegations of Paragraph 36.

## COUNT I
### (42 U.S.C. § 1983 – Excessive Force)

37. Plaintiff realleges paragraphs 1 through 36 as if fully set forth herein.

**ANSWER:** Defendants re-answer paragraphs 1 through 36 as set forth above.

38. Defendant-Officer RIGANO put a cigarette out on Plaintiff's neck.

**ANSWER:** Defendants deny the allegations of Paragraph 38.

39. Defendant-Officer RIGANO violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

**ANSWER:** Defendants deny the allegations of Paragraph 39.

**WHEREFORE, Defendants, CITY OF ELGIN and ANTHONY RIGANO, deny that Plaintiff is entitled to judgment in any amount whatsoever.**

## COUNT II
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

40. The acts of the Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

**ANSWER:** Defendants deny the allegations of Paragraph 40.

41. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF ELGIN is liable for any judgments for compensatory damages in this case arising from the Defendant-Officers' actions.

**ANSWER:** Defendants admit the existence of said statute, but deny any liability thereunder.

**WHEREFORE, Defendants, CITY OF ELGIN and ANTHONY RIGANO, deny that Plaintiff is entitled to judgment in any amount whatsoever.**

### AFFIRMATIVE DEFENSE

Pleading affirmatively, Defendant Officer Rigano, asserts the following affirmative defense:

Defendant did not violate any clearly established right of the plaintiff and is therefore entitled to qualified immunity.

**DEFENDANTS DEMAND TRIAL BY JURY**

Respectfully Submitted,

DeANO & SCARRY, LLC

By:    s/James L. DeAno
       Attorney for Defendants

James L. DeAno
DeANO & SCARRY, LLC

2100 Manchester Rd, Suite A-101
Wheaton, Illinois 60187
Tel: (630) 690-2800
Fax: (312) 564-4125